1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  LISA MITCHELL,
11           Plaintiff,                    No. CIV S-05-0836 KJM
12      vs.
13  JO ANNE B. BARNHART,
    Commissioner of Social Security,
14
             Defendant.              ORDER
15  _____/
16           Plaintiff seeks judicial review of a final decision of the Commissioner of Social
17  Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under
18  Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant
19  the plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for
20  summary judgment, and remand for immediate payment of benefits.
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////

1

I. Factual and Procedural Background

In a decision dated June 25, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of lumbar strain, spondylolysis[2], degenerative disc disease and cyst in the pars of L4 but these impairments do not meet or medically equal a listed impairment; plaintiff and her mother are not totally credible; plaintiff has the residual functional capacity to perform light work; plaintiff can perform

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[2] The finding contains a typographical error. The ALJ in finding no. 3 refers to "spondylosis," but the body of the ALJ's decision references the correct medical impairment. AT 26, 30.

her past relevant work as a telephone solicitor and customer service manager; and plaintiff is not disabled. Administrative Transcript ("AT") 29-30. Plaintiff contends the ALJ improperly rejected the opinion of an examining physician and improperly discredited her testimony and that of her mother. The issue plaintiff raises regarding the opinion of the examining physician is dispositive.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

III. <u>Analysis</u>

    A.  Examining Physician's Opinion

        Plaintiff contends the ALJ improperly rejected the opinion of examining orthopedist, Dr. Abene. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id</u>.; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

        To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Id.</u> at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

        Dr. Abene conducted an orthopedic evaluation of plaintiff on May 18, 2003. Based on the physical examination, Dr. Abene opined plaintiff could perform light work. AT 123-128. Dr. Abene then went on, however, to significantly limit plaintiff even further,

based on plaintiff's "markedly positive straight leg raise, her marked findings on her MRI as well as her given history of occasional footdrop and the fact that she has failed epidural shots and she may require surgery for this in the future and this has been recommended."  Id.; see also AT 108-109, 111-112, 142-143, 148, 150.  After considering these additional factors, Dr. Abene limited plaintiff to standing or walking up to two hours and sitting for less than six hours in an eight-hour workday.  AT 128.

The ALJ rejected this opinion because it was "not based on the record as a whole."  AT 27.  The ALJ, however, has left the reason for this conclusion to the imagination of the reader.  Although the ALJ gave "great weight" to the contradictory opinions of two nonexamining state agency physicians,[3] the ALJ undertook no steps whatsoever to explain what conflicting clinical evidence existed in the medical record to support the opinions of these nonexamining physicians as opposed to the opinion of Dr. Abene.  AT 26-27, 131-140, 154-161; see Morgan v. Commissioner of Social Security, 169 F.3d 595, 600 (9th Cir. 1999) (opinions of nonexamining physician may serve as substantial evidence when supported by other evidence in record and consistent with it; ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence and stating ALJ's interpretation thereof).  Although the ALJ recapitulated the additional factors considered by Dr. Abene in assessing plaintiff's limitations, the ALJ failed to set forth any reasons why these factors did not support Dr. Abene's conclusions.  AT 27.

Moreover, the ALJ's reliance on Dr. Wisner's opinion is misplaced.  AT 27.  Dr. Wisner, an orthopedic surgeon, saw plaintiff one time on February 3, 2003.  AT 122.  On May 1, 2003, Dr. Wisner opined plaintiff would be able to seek work on April 3, 2003.  This opinion is thus not inconsistent with that of Dr. Abene insofar as it concurs with Dr. Abene's opinion that plaintiff is disabled until at least April 3, 2003.  With respect to the time period thereafter, again

---

[3] [how contradictory?]

5

1 the ALJ offers no reasons for according greater weight to the speculative opinion of Dr. Wisner
2 who had last examined plaintiff in February 2003.  As such, the reasons given by the ALJ for
3 rejecting Dr. Abene's opinion cannot be characterized as specific and legitimate.
4          The decision whether to remand a case for additional evidence or simply to award
5 benefits is within the discretion of the court.  Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.
6 1990).  Here, the ALJ improperly rejected the opinion of Dr. Abene.  Where the ALJ "fails to
7 provide adequate reasons for rejecting the opinion of a treating or examining physician, [the
8 court] credit[s] that opinion as a matter of law."  Lester v. Chater, 81 F.3d 821, 834 (9th
9 Cir.1995).  If credited, plaintiff must be found disabled because Dr. Abene limited plaintiff to
10 less than sedentary work.[4]  See SSR 96-9p (residual functional capacity is individual's maximum
11 remaining ability to perform sustained work 8 hours a day; sedentary work generally requires
12 sitting six hours per 8-hour workday); AT 128 (plaintiff limited to less than 8 hours total of
13 standing, walking and sitting.)
14          For the foregoing reasons, this matter will be remanded under sentence four of 42
15 U.S.C. § 405(g) for immediate payment of benefits.
16 /////
17 /////
18 /////
19 /////
20 /////

---

[4] "Sedentary work" is defined by 20 C.F.R. § 404.1567(a) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  Plaintiff's motion for summary judgment is granted.

3   2.  The Commissioner's cross-motion for summary judgment is denied.

4   3.  This action is remanded to the Commissioner for immediate payment of benefits.

DATED: September 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
mitchell.ss